UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SCOTT ALTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEIL GORSUCH, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:24-cv-01803-FLA (RAOx)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY THE COURT SHOULD NOT DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |

## RULING

Plaintiff Joseph Scott Alter ("Plaintiff") brings the subject action in *pro se*, against Chief Justice John Roberts, Justice Neil Gorsuch, Justice Samuel Alito, Justice Amy Coney Barrett, Justice Brett Kavanaugh, and Justice Clarence Thomas ("Defendants"). On March 14, 2024, Plaintiff filed an Amended Complaint (Dkt. 16, "FAC"), seeking declaratory and injunctive relief against Defendants. FAC ¶¶ 22–23.

This is the fourth action Plaintiff has filed in the Central District of California suing sitting justices of the United States Supreme Court for past rulings. Plaintiff's prior actions were: (1) *Joseph Alter v. US Supreme Court, et al.*, Case No. 2:23-cv-05579-ODW (PDx); (2) *Joseph Alter v. Neil Gorsuch, et al.*, Case No. 2:23-cv-10587-

FLA (RAOx); and (3) *Joseph Alter v. Neil Gorsuch, et al.*, Case No. 2:24-cv-01787-JLS.[1]  The first and second prior actions were dismissed for lack of subject matter jurisdiction.

As the court explained previously, this court lacks subject matter jurisdiction to review or void decisions by the Supreme Court.  *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("A decision of the Supreme Court will control that corner of the law unless and until the Supreme Court itself overrules or modifies it.  Judges of the inferior courts may voice their criticisms, but follow [precedent] they must."); *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1393 n. 19 (9th Cir. 1987) ("A district court has no … authority to 'review' any ruling of a court of appeals."); *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001) ("The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts.").  Moreover, judges are immune from suit for judicial actions taken in the course of their official duties, and the United States, as a sovereign, is immune from suit absent waiver and consent.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Nevertheless, Plaintiff has continued to file direct challenges to the Supreme Court's rulings, which this court lacks jurisdiction to entertain.

Accordingly, pursuant to Local Rule 83-8, the court ORDERS Plaintiff to Show Cause in writing, by April 23, 2024, why the court should not declare Plaintiff a vexatious litigant and direct the Clerk of the Court not to accept further filings from Plaintiff without written authorization from a District Judge or a Magistrate Judge of the Court or impose other prefiling requirements similar to those of California Code of

---

[1] Plaintiff additionally filed a complaint for damages and declaratory judgment against Senator Mitch McConnell, regarding Senator McConnell's alleged failure to convict and impeach former President Donald Trump.  Case No. 2:23-cv-05785-ODW (PDx), Dkt. 1 at 2–6.  The court dismissed the action with prejudice as Senator McConnell was immune from suit under the Speech and Debate Clause of the United States Constitution, and because Plaintiff's claims were barred by the doctrine of sovereign immunity.  *Id.*, Dkts. 35, 38.

Civil Procedure § 391.7.  *See* Local Rule 83-8.4 ("[T]he Court may, at its discretion, proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391 - 391.8.").  Failure to respond timely will be deemed an admission that Plaintiff is a vexatious litigant.

       IT IS SO ORDERED.

Dated: April 9, 2024

                                        _____
                                        FERNANDO L. AENLLE-ROCHA
                                        United States District Judge