JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SCOTT ALTER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEIL GORSUCH, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-01803-FLA (RAOx)<br><br>**ORDER DISMISSING ACTION AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT** |

# BACKGROUND

Plaintiff Joseph Scott Alter ("Plaintiff") brings the subject action in *pro se* against Chief Justice John G. Roberts, Justice Clarence Thomas, Justice Neil Gorsuch, Justice Brett Kavanaugh, Justice Amy Coney Barrett, and Justice Samuel Alito ("Defendants"), and requests this court "[d]eclare that Defendants have breached their 'good behavior' requirements in Article III [of the Constitution]" and "[e]njoin Defendants from further Service [*sic*] in The Supreme Court[.]" Dkt. 16 at 12.

This is the seventh action Plaintiff has filed in the Central District of California, and the fourth against sitting Justices of the United States Supreme Court ("Supreme Court Actions").[1] The prior Supreme Court Actions were: (1) *Joseph Scott Alter v. US Supreme Court, et al.*, Case No. 2:23-cv-05579-ODW (PD), filed July 11, 2023; (2) *Joseph Scott Alter v. Neil Gorsuch, et al.*, Case No. 2:23-cv-10587-FLA (RAOx), filed December 13, 2023; and (3) *John Alter v. Neil Gorsuch, et al.*, Case No. 2:24-cv-01787-JLS, filed March 2, 2024. The first two actions were dismissed for lack of subject matter jurisdiction. Plaintiff initiated the instant action and Case No. 2:24-cv-01787-JLS on March 2, 2024. Dkt. 1.

On April 9, 2024, the court Ordered Plaintiff to Show Cause ("OSC") in writing why the court should not declare Plaintiff a vexatious litigant and direct the Clerk of the Court not to accept further filings from Plaintiff without written authorization from a District Judge or a Magistrate Judge of the court, pursuant to Local Rule 83-8, or impose other prefiling requirements similar to those of California Code of Civil

---

[1] Plaintiff also filed a complaint for damages and declaratory judgment against Senator Mitch McConnell, regarding Senator McConnell's alleged failure to convict and impeach former President Donald Trump. Case No. 2:23-cv-05785-ODW (PDx), Dkt. 1 at 2–6. The court dismissed the action as Senator McConnell was immune from suit under the Speech and Debate Clause of the United States Constitution, and because Plaintiff's claims were barred by the doctrine of sovereign immunity. *Id.*, Dkts. 35, 38.

1  Procedure § 391.7.[2] Dkt. 28.  For the reasons stated herein, the court DISMISSES the
2  action without leave to amend and DECLARES Plaintiff a vexatious litigant.

### DISCUSSION

**I.   Dismissal for Lack of Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).  Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) ("Rule 12(h)(3)").

The court lacks subject matter jurisdiction over the instant action. *See Reed v. Lieurance*, 863 F.3d 1196, 1207–08 (9th Cir. 2017) (trial court may dismiss a claim *sua sponte* under Rule 12(b)(6)); *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (Rule 12(b)(6) permits a court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief").  Plaintiff's Amended Complaint (Dkt. 16) and responses to the OSC (Dkts. 33, 34) make clear he seeks declaratory and injunctive relief against certain Supreme Court Justices, including enjoining these Justices from continued service on the Supreme Court.  Dkt. 16 at 12; Dkt. 33 at 6 (writing Plaintiff "invites the judge to opine on" Defendant's "conduct in reference to their 'good behavior' requirement," and "enjoin them from service on the court").

---

[2] *See* Local Rule 83-8.4 ("[T]he Court may, at its discretion, proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391–391.8.").

3

Claims regarding the removal or impeachment of a sitting judge or Justice raise a non-justiciable political question. *Nixon v. United States*, 506 U.S. 224, 228–29 (1993). Political questions arise where there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department[.]" *Baker v. Carr*, 369 U.S. 186, 217 (1962). As relevant to the instant matter, the clear language of the Constitution commits the issue of removal of Justices to Congress. *Nixon*, 506 U.S. at 236. Specifically, Article III, Section 1 of the Constitution provides that "[t]he Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office." Art. III, § 1. "The 'good Behaviour' Clause guarantees that Art. III judges shall enjoy life tenure, subject only to removal by impeachment." *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 59 (1982), *superseded by statute on unrelated grounds by the Bankruptcy Amendments and Federal Judgeship Act of 1984*; *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 16 (1955). The Constitution explicitly places the power to preside over impeachment proceedings with Congress. U.S. Const. art. I, § 2, cl. 5 (The House of Representatives "shall have the sole Power of Impeachment."); U.S. Const. art. I, § 3, cl. 6 ("The Senate shall have the sole Power to try all Impeachments."); *see also United States v. Claiborne*, 727 F.2d 842, 845 (9th Cir. 1984) ("[I]n accordance with a system of checks and balances, the Framer[s] of the Constitution gave the legislative branch the power to deal with acts of misconduct by federal judges."); *Nixon*, 506 U.S. at 230–31 ("[T]he word 'sole' [in Article I, Sections 2 and 3] is of considerable significance" and indicates that the judiciary does not "have any role to play in impeachments.").

Accordingly, because the Constitution commits the power to remove a federal judge solely to Congress, this court lacks jurisdiction to grant the relief Plaintiff seeks. The court, therefore, DISMISSES the action for lack of subject matter jurisdiction, without leave to amend.

## II. Whether Plaintiff Should Be Declared a Vexatious Litigant

In response to the court's OSC, Plaintiff argues initiation of the instant action was justified because the case "shares nothing in common with the [previous] case other than the names of the defendants," as it "does not ask the court to overturn a ruling of the [Supreme Court]" as his previous action did, but instead asks the court to "opine on whether [Defendants'] departure from constitutional violations (as alleged) violates their 'good behavior' qualification in Article III, sec 1." Dkt. 34 at 5.

Despite the difference in claims asserted or relief sought in the various Supreme Court Actions, Plaintiff nevertheless fails to identify any non-frivolous bases for the court to exercise subject matter jurisdiction over this or any of the prior Supreme Court Actions. Plaintiff's dissatisfaction and disagreement with prior courts' rulings that they lack subject matter jurisdiction over his claims against Supreme Court Justices or the transfer of cases as related does not constitute valid grounds to bring frivolous actions in federal court repeatedly, especially where Plaintiff was warned previously that a district court "cannot compel … other Article III judges … to act," and that federal judges are immune from suit for judicial actions taken in the course of their official duties. *See* Case No. 2:23-cv-05579-ODW (PD), Dkt. 44 at 6–7; Case No. 2:23-cv-10587-FLA (RAOx), Dkt. 39 at 3.

Moreover, Plaintiff has engaged in frivolous and harassing behavior towards the court and abused his privileges on the CM/ECF document filing system. Since the issuance of the court's OSC on April 9, 2024, Plaintiff has filed multiple *ex parte* applications and "emergency" motions to: "reconsider transfer order" (Dkt. 35), "clarify status of case" (Dkt. 40), "order meet and confer" (Dkt. 47), "suspend certain defendants from the Court" (Dkt. 57), and "order temporary suspension of certain defendants from their duties on the Court" (Dkt. 58). Plaintiff also filed several "motions to enter evidence" (Dkts. 51, 65–69, 72, 75), a subpoena against Martha Bombgardner Alito, and interrogatories and requests for admission against Defendants (Dkts. 61, 70, 71).

1       From June 12, 2024 to June 16, 2024, Plaintiff filed at least two documents per
2 day (Dkts. 55–65), five documents each on June 17 and 18, 2024 (Dkts. 63–74), and
3 seven *ex parte* requests on June 20, 2024, including "Ex Parte Brief Conservatives
4 Have Created a Pipeline for Preferred Cases to Reach SCOTUS" and "Ex Parte
5 Affidavit Defendants Are Unable to Conceive of Consequences They Don't Bear"
6 (Dkts. 75–80, 82).  Plaintiff filed additional motions on June 23, 2024, seeking to
7 compel discovery and a response to the Complaint, and on June 24, 2024, Plaintiff
8 filed a document titled "Project 2025 Brief II" which appears to be a request for
9 Defendants to read an article published by Politico.  Dkts. 85–87.

10       In addition, Plaintiff has sent almost daily emails to court staff—sometimes
11 multiple emails per day—requesting they correct or disregard his filings.  On one
12 recent occasion, Plaintiff filed an *Ex Parte* Motion to Enter Evidence and Brief Into
13 Docket (Dkts. 67 through 67-11) spanning over 900 pages, which required three staff
14 members to expend four hours to correct and docket the filing, as the document
15 submitted was not provided in an acceptable format for filing on the CM/ECF system.

16       As Plaintiff fails to establish he had non-frivolous grounds to bring this action
17 or justify his incessant abuse of the court's process, and has established instead that he
18 is likely to continue such abuse unless protective measures are taken, the court
19 DECLARES Plaintiff to be a vexatious litigant.

20 / / /
21 / / /
22 / / /

**CONCLUSION**

For the aforementioned reasons, the court ORDERS as follows:

1. This action is DISMISSED for lack of subject matter jurisdiction without leave to amend. Plaintiff's pending motions and *ex parte* applications (Dkts. 3, 24, 25, 29, 32, 35–36, 40–41, 47, 51, 55–59, 61, 64, 70–71, 75–80, 82) are DENIED as moot.

2. The court DECLARES Plaintiff Joseph Scott Alter, a.k.a. Joe Alter, to be a vexatious litigant and DIRECTS the Clerk of the Court not to accept further filings from Plaintiff without payment of all applicable court fees <u>and</u> written authorization of a District Judge or a Magistrate Judge of the Court, issued upon such showing of the evidence supporting the claim as the Judge may require. *See* Local Rule 83-8. Any such filing received by the Clerk of the Court shall be assigned to a Judge pursuant to the Court's standard case assignment procedures, but shall not be docketed unless the assigned Judge issues an order authorizing the filing.

3. If the Clerk mistakenly accepts a filing commencing an action by Plaintiff without such written authorization, any party may file with the Clerk and serve on Plaintiff and the other parties a notice stating Plaintiff is a vexatious litigant subject to a prefiling order as stated herein. *See* Cal. Code Civ. Proc. § 391.7(c). The filing of the notice shall automatically stay the action, and the action shall be dismissed forthwith unless Plaintiff, within ten (10) days of the filing of that notice, secures an order from the Judge presiding over the action permitting the filing. *See id.*

4. For purposes of this Order, a "filing" includes any petition, application, complaint, or motion, aside from a response to a complaint, petition, or application filed against Plaintiff. This Order shall not prevent Plaintiff from defending against or responding to any action filed against him in state or federal court.

7

5. This Order shall not prevent Plaintiff from filing an appeal of this ruling or impose any additional prefiling requirements on any such appeal that may be filed.

IT IS SO ORDERED.

Dated: June 28, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge